MARION L. YEAGLE & GRACE L. YEAGLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yeagle
Docket No. 29318-91
United States Tax Court
T.C. Memo 1992-657; 1992 Tax Ct. Memo LEXIS 691; 64 T.C.M. (CCH) 1290; November 9, 1992, Filed *691 An order will be entered granting respondent's motion to dismiss. For Petitioners: David E. Alms. For Respondent: Lisa Smith. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case was heard by Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed. The facts are as follows. On September 11, 1991, respondent mailed by certified mail to petitioners at their last known address a notice of deficiency which determined a deficiency in, and additions to, petitioners' Federal income taxes *692 as follows: Additions to Tax
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6661(a)
1988
$ 9,573.00
$ 479.00
$ 2,393.00
The petition in this case was received by the Court on December 16, 1991, and was filed on that date. The envelope in which the petition was mailed bears a private postage meter stamp showing a date of December 1, 1991, and Barrington, Illinois, as the place of mailing. The envelope does not have a United States Postal Service postmark. Petitioners resided in Crete, Illinois, when the petition was mailed. Section 6213(a) provides, inter alia, that a taxpayer may file a petition with this Court for a redetermination of a deficiency "Within 90 days * * * after the notice of deficiency * * * is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day)". This time period is jurisdictional, and, if a petition is not timely filed within the 90-day period, the Court must dismiss the petition for lack of jurisdiction. . The Court received the petition in this case 96 days after the notice of deficiency was mailed. *693 Petitioners contend, however, that under section 7502, timely mailing is deemed to be timely filing, and the private postage meter date stamp on the envelope is December 1, 1991, which is 81 days after the notice of deficiency was mailed. Section 7502(a)(1) does provide in certain circumstances that timely mailing is deemed to be timely filing if the envelope bears a United States postmark. However, where postmarks are not made by the United States Postal Service, the timely mailing rule shall apply "only if and to the extent provided by regulations prescribed by the Secretary." Sec. 7502(b). Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., [2] provides that if privately metered mail bears a postmark date on or before the last day for filing and is received within the normal delivery period, it shall be considered timely. If the mail is not received within the normal delivery period, the taxpayer must establish, inter alia, that the delay in delivery was due to delay in the transmission of mail and the cause of the delay. *694 Whether the mail was received within the normal mailing period is essentially a factual question, and petitioners have the burden of establishing that the 15-day period between the private postage meter date and the date the Court received the petition is the ordinary delivery time between Barrington, Illinois, and Washington, D.C. , affd. per curiam . Petitioners have offered no evidence concerning the normal or ordinary delivery period between Barrington, Illinois, and Washington, D.C., and the Court is satisfied that the ordinary delivery period is significantly less than the 15-day period involved here. Further, under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioners must also establish the cause for the delay in delivery. There is nothing in the record remotely suggesting a cause for the delay. In sum, petitioners have not established that the petition was timely mailed under sections 6213(a) and 7502, and the case must be dismissed for lack of jurisdiction on the ground that the petition was not timely filed. [3]
*695 An order will be entered granting respondent's motion to dismiss. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This regulation has been held valid. , affd. per curiam .↩
3. It should be noted that the question presented here could easily have been avoided if petitioners had used a Postal Service postmark.↩